Next case is, I'm going to mess up the name, Zuetlau v. Taylor et al., Daniel Brumbach for the appellant and Christine Mack for the appellee. I hope you guys are ready. May it please the court, counsel, my name is Dan Brumbach and I represent the plaintiff, Bobby Zuetlau. This was a negligence case tried in front of a jury on June 21st through June 23rd, 2016. The jury finding fully defendant against the plaintiff. The primary issue I'm here to discuss with you today is whether the trial court erred in granting two of defendants in limine motions which preclude the plaintiff from presenting evidence of his damages. Namely that of any mention of a certain medical bill and also any evidence of the plaintiff's loss of patience. Under Illinois case law, the limine motions in question are improper and should have been denied. The trial court's granting of these motions and subsequent denial of the plaintiff's limine for a new trial is a misuse of his rights. It's also a law that a motion of limine permits a party to obtain an order before a trial to speak of inadmissible evidence and prohibiting interrogation concerning such evidence. Thus the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of the objections may have upon a jury. Before granting a motion of limine, courts must be certain that such action will not unduly restrict the opposing party's presentation of its case. Moreover, a motion of limine is not ordinarily employed to choke off an entire claim or defense. Rather, it's used to prohibit mention of some specific matter such as an inflammatory piece of evidence until the admissibility of that matter has been shown at a hearing of the jury. Furthermore, the court in Lundell, which is cited and discussed in my brief, stated the defendant had no right to utilize the inaliminated procedure to hamper the plaintiff's presentation of relevant admissible evidence. In this case, the two amendment requests issued go directly against the court's reasoning and ruling in Lundell, Greidelberger, which I cited initially, Bradley, and Lockett, which is also cited and discussed in my brief. And they should have been denied outright. They weren't, and instead the trial court did exactly what the Supreme Court in Bradley said it was not appropriate to do, and that it choked off an entire claim by the plaintiff, namely that of his damages. Moreover, the basis for the trial court's decision wasn't even related to issues typically examined when ruling on a motion of limine. In the trial court's ruling, which is found in my appendix attached to my brief, there's no discussion, mention, or any finding that the evidence in question is inflammatory, no discussion, mention, or finding that the evidence was irrelevant, and also no mention, discussion, or finding about the prejudicial impact of the evidence, if any. The trial court's basis for precluding highly irrelevant and admissible evidence appears to be the prior discovery that took place in the case, and also whether there was a foundation for the medical bill at issue prior to the trial starting. We're not talking about the foundation during the trial. We're talking about foundation prior to the trial actually starting. Counsel, didn't the trial court go to some lengths anyway to allow counsel, for your client, to produce evidence prior to starting the jury trial? I agree, Your Honor, that the trial judge did allow and did ask about the foundation that would possibly be provided at trial, but I believe the case law plainly shows that the problem with that is, and the case law says that in the trial judge doing that, the trial judge was requiring the plaintiff to present his case twice, not only once in front of the jury, but also before trial, which the court in, if I remember correctly, the court in, I guess the court in Bradley specifically said, nor should a party ordinarily be required to try a case or defense twice, once outside the jury's presence, to satisfy the trial court of its efficiency, and then again before the jury. I think the trial judge was very open and honest in saying, Counsel, if you have foundation for it, you can tell me now, but the courts have plainly said you're not supposed to do that, and that's laid out in the Bradley case cited in my brief. Based on the applicable case law, not just the Bradley case, but the Ryley case, and the other cases cited, the way that the trial court precluded this evidence went against that case law, and it was not supposed to be done pursuant to a motion to eliminate, and not allowed to be done pursuant to a motion to eliminate. If you look at the court's reasoning, and this is, again, in my appendix, the court specifically found, the trial court specifically found, the plaintiff has the burden of proof, and the burden to comply with discovery requests that they are asking for compensation. The plaintiff failed to do that, therefore the motion to eliminate is granted. The trial court also stated, the second time I objected to the preclusion of this evidence, the trial court stated, again, this is appendix page 42, you know he had, the plaintiff had the burden of proof, and I don't see legally how I can allow that in. Motion to eliminate case law in cases cited, including two cases from the Illinois Supreme Court, a case from the first district, and a case from this court itself, clearly show that the burden of proof and the burden of production have no bearing on whether evidence is admissible or pursuant to a motion to eliminate. It has no bearing on whether evidence is irrelevant, inflammatory, or has a prejudicial impact, and the trial court's reasoning, in coming to its conclusion, further demonstrates the impropriety of the two unlimited motions, and how the trial court's granting of those motions was an abuse of discretion. Are issues regarding foundation ever proper for motion to eliminate? I don't know if I could blanket say that they are never, never up for a motion to eliminate, but I would say most of the time no, because foundation is an issue. There's tons and tons of cases regarding foundation, and the proper way to object to foundation is during trial. And if a defendant does not object to foundation during trial, that objection is weighed, and that's the purpose of the foundation objection during trial. I don't think foundation is something that's meant to be discussed prior to trial because, number one, it's not really an issue. There's no need for foundation prior to trial because the evidence in question hasn't even been put up and put into evidence yet. Theoretically, the medical bill in question in this case, I could have not even tried to get put into evidence at trial because that's my option. That's a plaintiff's option. So theoretically, technically, the judge in this case, the trial court in this case, ruled on a hypothetical foundation objection because, technically, the foundation objection did not exist prior to trial because I actually had not moved to enter the evidence or enter the medical bill into evidence itself. Well, it would have been objected to, obviously, because they filed a motion to eliminate it. Absolutely. And at that point, it would have been a rightful objection, but at this stage of proceedings, a motion to eliminate was not the proper vehicle for it. And it was doing – the trial court was asking me to do exactly what courts of city are not supposed to do, which is have me prove my case once before the judge and then again before the jury. My understanding of the question with regard to the foundation on that medical bill was whether or not your client was going – had a doctor to testify as to the foundation. Right. It wasn't asking exactly what is – I don't think they were asking to put on evidence. I think they were asking do you have someone who's going to be able to put on evidence. I think if you look at the trial court's – the reason the trial court used in the arguments from defense counsel, I think that's exactly what they were asking. They were asking if I had the proper foundation to enter the medical bill into evidence. And, again, I think the case law says that I don't have to prove foundation unless I'm actually asking to enter that medical bill into evidence because, again, as I said, if I'm not actually asking to put the medical bill into evidence, then I don't need to prove foundation. A common thing nowadays when you take a case to a jury trial is to not include any medical bills or anything of that sort. Just ask for a number. And theoretically, I could have done that, but I wouldn't even have been able to mention anything with regard to this medical bill at all. And that's the other problem with the actual motion limiting with regard to the medical bill. It's not even the medical bill itself that they were objecting on the foundation. It was any mention of the medical bill. So I couldn't even talk about the medical bill itself, not even the amount or putting the evidence, the medical bill itself into evidence, any mention of the medical bill. There was some testimony with regard to two medical bills, not particularly to this one in question, correct? Correct. There was testimony regarding numerous medical bills. Okay. Excuse me. As I said before, the two motions in this case, and more specifically, the more important in my opinion, is the motion limiting precluding the lost wage evidence. If you look at the actual language of that motion, which is number 10, defendant's motion limiting, which is attached to my appendix, the language used actually made that motion limiting a dispositive motion. It says, quote, defendant requested, quote, that the wage loss claim be barred, end quote. There is no basis to bar part of a claim, damages in this case, pursuant to the motion limiting. In fact, under the holding and locking, which I examined more in my brief, the holding and locking specifically says this is prohibited. This is essentially the defendant in this case getting a motion to dismiss or summary judgment or a directed verdict on the issue of damages prior to trial. The trial court's decision to grant this and limit your request goes directly against that locket case, which is an Illinois Supreme Court precedent and was, therefore, an abuse of discretion. Now, counsel will tell you that according to Hawkins and Holt, which were discussed not only prior to trial but also in defense counsel's brief, stand for the proposition that a wage loss claim can be barred. I will point out to you that both of those cases, as pointed out by defense counsel, have no relation to motions and limiting whatsoever. In both of those cases, as pointed out by defense counsel, those are motion – those are Rule 237 cases that deal with a Rule 237 notice being properly served on the plaintiff in those cases. The plaintiff willfully disregarding those notices and then at trial, the court – the trial court sanctioning the plaintiff for failing to comply with those notices. As the trial court in this case specifically pointed out, no Rule 237 motion was filed. There was no discovery motion ever filed. So those Hawkins and Holt cases don't even apply to this case at all. Counsel, what's the prejudice in the jury find basically no causation? Sure. As far as the medical bill goes, I would agree that as far as an effect on the jury's verdict, it's very hard for me to argue that that was – there was an effect on that. But as far as the prejudice goes, I don't think there is any more prejudice than a plaintiff after three years of litigation not being able to present his case. The essential elements of his case, damages, this would have been no different if the trial court would have granted a motion to eliminate prohibiting the plaintiff from presenting evidence of duty or proximate cause. Damages is an element of negligence, and by prohibiting the plaintiff from presenting any evidence of that, he prohibited – the trial court prohibited the plaintiff from presenting his case of cheat. So there lies your prejudice. And I think when it comes to the lost wages, I think the jury's verdict was materially affected in that the lost wages issue, there were two periods of lost wages. There were lost wages that were related to medical treatment, which, again, as far as that goes, it's, again, very hard for me to argue that the jury's verdict would have changed if they would have heard the lost wages evidence. But there were also two weeks of lost wages which were discussed with the judge ahead of time that had no – that had no bearing on the medical treatment or causation at all. The plaintiff testified that after this accident, he was off work two weeks. This was undisputed. He was off these two weeks because his vehicle was getting repaired. This was also undisputed. The defendant admitted liability in this case. They admitted – the defendant admitted that they were responsible for this accident. But for the trial court's prohibition of the plaintiff presenting evidence of lost wages at trial, the jury would have had no choice but to award those lost wages because it had nothing to do with the medical causation. It only had to do with the plaintiff was off work because he couldn't drive. If he wasn't driving, he wasn't making money, which is what he testified to at trial. I mean, there is no other way to show – and I don't think the evidence shows anything other than the fact that if the jury would have heard that, they would have had no choice but to award the lost wages because otherwise it would have made their verdict insubstantial if they explained the evidence behind it. And again, not only does that go towards the jury being – the jury verdict being effective, but I also believe that the prohibition of presenting lost wages again, which is an essential element of not only this case but any negligence case where lost wages are an issue, that's extreme righteousness of the plaintiff. In conclusion, I think the trial court's ruling which prohibited the plaintiff from presenting evidence to support elements of his well-pled complaint – and I use that language specifically because that's the language used in Lockett – to prohibit the plaintiff from presenting evidence of his well-pled complaint was an abuse of discretion. The plaintiff's motion for a new trial should have been granted, and the denial of said motion was an error. The trial court's decision should be reversed, and the plaintiff should be granted a new trial. Thank you. Thank you. Could we give them five minutes and revoke? Thank you. Please report, counsel. Good morning. My name is Chris Matt, and I represent the defendants in this matter. And I want to start off by mentioning that the standard for granting or denying a new trial is abuse of discretion. It's a very high standard, and abuse of discretion has been defined in Illinois to include that no reasonable person would take a position adopted by the court and that there's no recognizable basis for support of the court's ruling. I submit to you, Your Honors, that there was significant basis for Judge Harrell's rulings on the two issues of evidence in this case, and I submit to you that a reasonable person could take the position that was adopted by Judge Harrell in this case. Counsel suggested to you that the medical bill, which was for pretesting, that I should not have been able to submit to the court, that it lacked foundation. I remind this court that the purpose of a motion in limine is to avoid prejudice, to avoid highlighting inadmissible evidence to a jury. So how am I supposed to avoid the highlighting of evidence, of inadmissible evidence to the jury without making a motion in limine based on foundation? If they get their way on submitting the bill to the jury, then the jury saw the bill, the jury heard about the bill, and then I'm objecting that there's no foundation. It's out there. I'm prejudiced. It's being highlighted by plaintiff's counsel, and I have not been able to attack the lack of foundation. As I pointed out in my brief, we had a long discussion during the motion in limine argument as to whether or not the plaintiff could fulfill the foundational requirements for medical bills that are in every personal injury case. Those are, number one, are they reasonable? Are they considered customary for the services rendered? This is basic medical bill admission of evidence at trial. In every case, it has to be proved that they're reasonable and customary. We discussed, are you going to have an affidavit? Are you going to have testimony? Their witness list did not include a live doctor. I knew going in before appearing in Richland County, based on the witness list, there likely would not be a doctor. However, plaintiff's counsel was offered the benefit of telling the judge, well, yeah, I am planning on doing this. I am going to submit this evidence. But they did not. In fact, his response was, we don't plan on having anybody else here. This was no surprise to plaintiff's counsel. I filed my motion in limine 30 days before trial. That gave plaintiff 30 days to perform a supplemental deposition or perform a new deposition. We're talking about a BJC pretesting bill. We're talking about one bill. Plaintiff was not choked off on their claim with regard to medical bills. They submitted over 35,000 medical bills concerning Dr. Gornett and other treatment the plaintiff underwent in this case. Instead, there was a pretesting bill that was produced after Dr. Gornett's evidence deposition was already done. It was produced in March and his evidence deposition took place in January. So Dr. Gornett wasn't able to talk about that bill because guess what? It was produced later. Plaintiff had the ability to take a supplemental deposition of Dr. Gornett or take a deposition of somebody else at BJC who performed the testing, preoperative testing, or he could have done a number of other things to establish that that bill was reasonable and customary for life services in this area where he obtained treatment. So to suggest that he doesn't have to do this and that he can wait until his presentation of the case and put the bill out there and wait for me to object and highlight that evidence when I know and he knows prior to trial he's not going to establish the proper foundation is just not compelling, is not a compelling argument and should not be adopted by this court. Judge Harrell's decision with regard to the due trial concerning this particular bill should be affirmed because they have not established an abuse of discretion. They have not established that no reasonable person would take that position that Judge Harrell adopted with regard to the medical bill. It has been the law in Illinois under Cotton for over a hundred years that you have to establish proper foundation before medical bills are going to be admitted into evidence of trial. The other point about the medical bill is how was the plaintiff prejudiced? And I'm going to only, he's already agreed that he wasn't prejudiced because the jury didn't find any of the medical bills that were related to the incident. So if you had the medical bill from the pre-testing, why would they decide that pre-testing was related to the incident? They didn't decide any of the others were. That's illogical and should not, could not be argued by plaintiff's counsel because it just doesn't make any sense. The other issue, well let me just say, they did not make an offer of proof but he certainly could have made an offer of proof in trying to fix the problem if counsel wanted to do that but he did not make an offer of proof. He did not submit any testimony to establish foundation at trial. He certainly could have done that and the judge could have been convinced, well, you fixed the problem. You have remedied the reasonableness of this medical bill and it should be admissible. So there's ways that this could have been handled but instead it wasn't and it was waived. That issue has been waived as well as the wage loss claim issue with regard to whether or not it should be admissible. As counsel suggested, the wage loss claim is probably more primarily important to him and that is because the wage loss claim doesn't relate to the medical bills and is a separate element of damages. For counsel to suggest that a case that was all about credibility, the whole case was based on plaintiff's credibility, I admit our clients admitted fault. We admitted we caused the accident. So when plaintiff testified that he waited 10 days to treat and when he first treated and saw three different medical providers, he told them that his injury started that day. It was from getting up from a chair, not from a trucking accident in the parking lot of Walmart in Olney, Illinois. His credibility was attacked. His credibility was at issue. His credibility during the trial of this case was eight away. Every time he talked and they submitted evidence, that was contrary and contradicting. And believe me, there was an enormous amount of evidence that showed he was not injured from this accident. He admitted to the police he wasn't injured. He told the medical providers, three different, that his pain and injury related to getting up from a computer, not a trucking accident 10 days prior. Why is that important? That's important to the wage loss claim because when he started missing wages, our position is he went to the ER 10 days after the accident, and then he was admitted when he provided the history of, this all started when I got up from the computer chair. He was in the hospital, and they admitted him. Dr. Sprick saw him and did various tests. So is their position that he could have worked those days? That's inconsistent. That's not, that doesn't even make sense. He was admitted into the hospital, taken to the emergency room, and underwent testing, and actually underwent injections. So their position that he could have returned to work after he got up from the chair and gave this inconsistent history, it doesn't even make any sense. Why would a jury believe he sustained wage loss when they didn't believe he had any damages from the accident? Why would they think he's credible? That doesn't even make any sense. But the reason why the wage loss claim was barred by Judge Harrell is because I had requested, the defendants had requested tax returns in the initial request for production. The plaintiff testified in his deposition that he filed tax returns, and he testified that he made $380,000 a year as a truck driver, which when he said that, I thought, boy, I'd sure like to see those tax returns. So I sent an authorization or a release, the proper one that they require, the IRS requires us to get, and the plaintiff signed it. And I sent that off to the IRS, and I waited, and we sent five letters to the IRS begging for this information. Then they finally sent us a notice and said, we can't help you. You have to get this information from the plaintiff. You have to get the assistance from the plaintiff. So what did we do at that point? The defendant sent a letter to the plaintiff and said, hey, we can't get these records. Here's the notice. I need you to help me, and you contact the IRS to get the records. What the case said in Hawkins, what the Hawkins case said is that the plaintiff can't just take the decision, I'm not in possession of the records. That isn't allowed because the plaintiff and everybody has a statutory right to obtain their tax returns. They have a statutory right to inspect and produce copies of their tax returns. Counsel? Yes. Both counsel argues, yes, but that's a discovery issue, and you didn't follow the notice provisions, and therefore it doesn't, it's not applicable to the motion. And I respectfully disagree, and that's because how am I supposed to cross Mr. Zedlock on the stand with regard to his wage loss records when I don't know what his tax returns say? The judges said consistently in Hawkins and in Rowe that I have the right to cross-examine the plaintiff on his tax returns because I don't know what they say. And it could be in this case maybe he didn't file them. Maybe that's why the IRS told me that I'd have to go to the plaintiff for assistance. I don't know because the plaintiff never, there was no offer of proof on that. So they've weighed, really, essentially they've weighed the issue of wage loss because there was no offer of proof. The plaintiff could have sat on the witness stand and been asked, what's your wage loss claim? What's it based on? How do you calculate it? What are your, he's an independent contractor, so I don't have this information. In Hawkins, the court said it didn't matter that they had the employment file, that that was irrelevant and not enough, that without tax returns, and I'm quoting Hawkins, defense counsel was denied the full scope of cross-examination. So we're talking about prejudice in seeking the truth, seeking the truth of what the tax returns would have revealed. And this was almost three years of requests that I made. And also going the only route I know, which is sending an authorization to the federal government and asking, paying them $400 and never getting them from the federal government, but being told to go back to the taxpayer. So it's not just a discovery issue. It is causing me an inability to effectively cross-examine the plaintiff. But for them to suggest that they are unduly prejudiced by not being able to present a wage loss claim when a jury heard from Dr. Gournett, from the plaintiff, saw the other medical bills, and heard that he underwent surgery and various testing, significant testing, and they decided there was no injury, they decided that his story was not compelling, they decided that his credibility was shot, it's not compelling. It's not believable. It's not compelling. And the court heard all of that and decided that the wage loss claim, he shouldn't be able to proceed on it because I have no way to cross-examine him effectively and know what's in those tax returns. For a jury to accept, and who knows what they would have accepted, the plaintiff earned $380,000 as a truck driver, but he doesn't have his tax returns, and he never had his tax returns. During the time when these requests were pending, he had to file tax returns. These requests were pending for over two and a half years. So, again, it eats at his credibility, it deteriorates his credibility, and to suggest they would suddenly give him that wage loss and that's what they do, it's just not convincing, and it's a baseless argument, and this court should reject it just like the trial court rejected it. In Hawkins, they considered several factors in determining whether or not the wage loss claim should be stricken, and some of the factors were the diligence of the party. And I must say, there's been no evidence presented here, there was no evidence presented at trial, and there was really no argument showing what efforts plaintiff made to produce the tax returns. Instead, the evidence was clear that I am the one, in our defense, put on requests for production, put on letters, essentially a two-to-one pay letter saying, please help, please supply this, here's what I've done, and my hands are tied, and getting absolutely no response. And no explanation as to why the tax returns had not been produced in this matter. But if the trial court made any error, it is our position that it's harmless error. And I don't believe she did, I don't believe Judge Farrell made any error, but if she did, it's harmless error. The medical bill would have made no difference. If they didn't think the surgery was related, they sure in the heck aren't going to think the pre-surgery test is related and caused by an accident in the parking lot of Walmart. So, it's harmless. In terms of the wage loss, if you don't believe he's injured, and you know he's in the hospital for another reason, within 10 days of the accident, and he's been admitted in the hospital, you might decide he probably can't work, unrelated to the injury in this case, or alleged injury in this case, but related to him getting up from the computer, as he told three different medical providers, and the jury heard all of that. We took evidence depositions of all of the medical providers relative to the inconsistent history supplied to them by the plaintiff, 10 days after the accident, where he told each of them, hey, this just started an hour ago when I got up in a hotel room from a computer chair. So, to suggest that the plaintiff met his burden to show substantial prejudice, and that's what they have to show. They just haven't met him. And they didn't, they really didn't, as all, as your honors are aware, the trial court has broad discretion with regard to exclusion and admission of evidence. And her decision should not be reversed on appeal, should not be, a new trial should not be granted unless there is an abuse of discretion. The plaintiff has not shown an abuse of discretion. They have not shown that there's no support whatsoever for her ruling. I have shown through my argument, through my brief, that there was significant support for her ruling. One of the things that plaintiff argues in the brief is that some of our arguments were untimely, which oral argument was not focused on that here today, but I would like to submit to the court that my motion in limine was not out of time. I filed it a month before trial. The court did not put any parameters on when the motion in limine was due. In fact, the case was set in March and then reset in June. But there was never a deadline that I was in a foul of. So we were not out of time with regard to that. But I think essentially when performing an analysis of the evidence in this case, really what should be focused on is whether the plaintiff was in duly prejudiced. And here there's absolutely no evidence and there's no basis for plaintiff to argue that he was in duly prejudiced. When we admitted fault in the case, he submitted Dr. Bournette's testimonies that he operated on the plaintiff relating to the incident in medical bills that were extensive. And the jury still rejected that the plaintiff sustained any injury from the truck accident in the parking lot of Walmart that we're here on. Thank you, Your Honor. Thank you. Counselor? I also make to the court that the jury found that the plaintiff suffered no injuries as a result of this accident because they did not hear about the lost wages the plaintiff suffered. That's because the court precluded the plaintiff from presenting that evidence. What defense counsel fails to mention whenever the plaintiff testified that he got up out of a computer chair and that was when he first felt pain is that the plaintiff got up out of a computer chair in a hotel while his truck was being repaired because of this accident. That is, again, an undisputed testimony regarding his lost wages. And if he would have been able to present that to the jury, the jury, again, would have had no choice but to find a notice for the plaintiff. I do want to talk about briefly the offer of proof. And again, I will refer the court again to the court's finding in Bradley v. Caterpillar and specifically these motion delimiting requests. Again, quote, nor should a party ordinarily be required to try a case or defense twice once outside the jury's presence to satisfy the trial court of its sufficiency and then again before the jury. I think the court in Bradley makes it pretty clear an offer of proof in circumstances such as this, when it's a motion delimiting question, is not required. And even if one was required, I think it was provided and I think the trial court and this court has plenty of evidence to rule on it. And an offer of proof is also not required if the trial court understood the nature of the objection and the character of the evidence. I don't think that the trial court had any doubt as to the character of the evidence in question. The medical bill was stated. The date was in the motion delimiting. The need for the treatment, what the treatment actually consisted of, the trial court was aware of all that. Obviously, it was a foundational objection. Again, with regard to the character of the evidence, when it comes to the lost wages, the trial court was fully aware of what the lost wages testimony was going to be. In fact, the trial court had a number. If you look at the arguments in the motion delimiting arguments, the trial court was made aware exactly of what the dollar amount was going to be as of the lost wages. And not only that, but the trial court was made aware that the plaintiff would be testifying and the documents are part of this record of the plaintiff's 1099s, his wage income records from his employer, his employment contract from his employer, all of which the plaintiff would have gladly testified to and the defense counsel would have had a completely full opportunity to cross-examine him about. On cross-examination, counsel stood up here and made quite a bit of arguments about the plaintiff's credibility and about what evidence was and was and could and could not be presented to the trial. That argument is exactly the same argument that could have been made to the court or the jury in either cross-examination or closing arguments. The plaintiff was never given that opportunity. If we're looking at the balance of the plaintiff's ability to present their case in sheet and the possible prejudice to the defendant from the presentation of relevant admissible evidence, I think the plaintiff wins in that way in this narrative here. I mean, I will agree, say, and I didn't dispute it at all, but, again, it is abuse of discretion, which is a very high standard for immediate oversight. I'm not the one saying the trial court abused their discretion in this case. The Supreme Court did this twice. The Supreme Court specifically said, Preventing the plaintiff from presenting evidence that is part of his well-led complaint, the plaintiff in this case specifically pled lost wages as the plaintiff. Preventing the plaintiff from presenting evidence is prohibited. That is specifically mentioned by the Supreme Court in the Lockett case, and I would highly recommend that the court look at that case and examine that case because the facts are very analogous to this one in that it has to go directly to the plaintiff's complaint and the evidence required to prove that complaint. If the plaintiff is not allowed to present evidence to support his complaint, then why the trial? I mean, if he's not allowed to present that evidence, then he's hamstrung before the trial even starts. And for that reason and the reasons I previously discussed, I believe the trial court's decision was an abuse of discretion and should be reversed. Thank you. Thank you. The court will take it under advisement, issue a ruling as soon as possible. The court rules in recess for just a few minutes.